## COLLINS v. UNION RY. CO. OF NEW YORK.

(Supreme Court, Appellate Division, First Department. April 4, 1901.)

PERSONAL INJURIES—EVIDENCE OF DAMAGES—EXCLUSION—HARMLESS ERROR.

Plaintiff testified that prior to the accident she received $10 per week for performing household duties for her sister, and that after the injury her sister ceased paying her; and, on being asked if the pay ceased because she was injured, she answered, "No," and the answer was stricken out on motion of plaintiff's attorney. *Held,* that any error in excluding the answer was rendered harmless by further testimony that the pay ceased because her sister employed a servant to do the work formerly performed by plaintiff.

Appeal from trial term, New York county.

Action by Elvira A. Collins against the Union Railway Company of New York. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, and PATTERSON, JJ.

C. F. Brown, for appellant.
S. Wasserman, for respondent.

PER CURIAM. We are asked to reverse this judgment upon a single exception taken to a ruling of the trial justice upon a matter of evidence. The action was brought to recover damages for personal injuries sustained by the plaintiff while she was a passenger on one of the defendant's cars. The proof abundantly established negligence on the part of the defendant and the freedom of the plaintiff from contributory negligence, and no claim is now made by the appellant to the contrary. The plaintiff testified, among other things, that before her injuries were sustained she resided in the family of her sister's husband, and that she took charge of the management of the house, taking care of the children, marketing, shopping, washing, "and overseeing everything," and that for her services she had received $10 a week; that at the time of the trial she was not able to do any work; and that after she recovered from her injuries her sister ceased paying her the wages she had previously received. Upon her cross-examination she was asked the question, "And do you mean to tell the jury that she stopped paying you $10 a week because you were injured?" to which she answered, "Not because I was injured; no." Thereupon her counsel moved to strike the answer out because it called for an opinion, which motion was granted by the court, and an exception was taken. If this was error, it was remedied, for the reason that the witness stated in another part of her cross-examination that her sister stopped paying her because she employed a servant to do the work which had previously been done by the plaintiff.

The judgment and order should be affirmed, with costs.